UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT LOWERY,                                          :
                                                         :     **24 Civ. 6607 (GS)**
                              Plaintiff,                 :
                                                         :     **ORDER**
              - against -                                :
                                                         :
POLICE ATHLETIC LEAGUE, INC.,                            :
                                                         :
                              Defendant.                 :
------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

      By letter dated January 31, 2025, the parties have moved for approval of their proposed settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 24). The parties' letter states that they have entered into two settlement agreements: (1) a Negotiated Settlement Agreement and Release, attached as Exhibit 1 to the letter, resolving Plaintiff's wage-and-hour claims under the FLSA and the New York Labor Law ("NYLL"); and (2) a separate settlement agreement, not attached to the letter, resolving Plaintiff's claim for wrongful termination under the Family and Medical Leave Act ("FMLA"), 29 U.S.C.§ 2601 *et seq*. (Dkt. No. 24 at 1; *see* Dkt. No. 1 ¶¶ 4, 58-62).

      Such a bifurcated approach is not uncommon in settling actions that contain both FLSA and non-FLSA claims. The Second Circuit "has not ruled directly on the permissibility of bifurcated settlements in the context of a *Cheeks* review," *Fleming v. NADAP, Inc.*, No. 23 Civ. 8892 (VSB), 2024 WL 5056352, at *2 (S.D.N.Y. Dec. 9, 2024) (citation omitted), but it has indicated that "a district court must take into

1

account at least the existence of the state law claims in assessing the reasonableness of the settlement, which turns in part on the total potential recovery," *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 607 n.12 (2d Cir. 2020). Courts in this Circuit have "disagree[d] about what that means." *Fleming*, 2024 WL 5056352, at *2.

Here, the wage-and-hour claims are the main, or at least the lead, claims in the Complaint (Dkt. No. 1 ¶¶ 1-4), and the parties' letter provides no information about the relative economic significance of the wage-and-hour claims versus the non-FLSA claim or about the noneconomic terms of the separate settlement regarding Plaintiff's non-FLSA claim. Under these circumstances, as it has in the past, the Court believes it needs to review the separate settlement agreement in order to properly discharge its responsibilities under *Cheeks*. *See, e.g.*, *Angulo v. Clowns.com, Inc.*, No. 23 Civ. 10983 (GS), 2024 WL 3520795, at *3 (S.D.N.Y. July 23, 2024) ("under the circumstances of this particular case, the Court believes that to properly consider the fairness of the FLSA settlement, it needs to understand the terms of the separate settlement of the state law claims"), *reconsideration denied*, 2024 WL 4042470 (S.D.N.Y. Sept. 4, 2024); *see also Velez v. S.T.A. Parking Corp.*, No. 23 Civ. 4786 (AT), 2023 WL 9183748, at *3 (S.D.N.Y. Dec. 14, 2023) (requiring parties to submit non-FLSA settlement agreement for review "so that the court can determine whether the terms of the non-FLSA agreement inappropriately affect the terms of the FLSA agreement").

Accordingly, the parties are directed to submit for the Court's review the separate settlement agreement resolving Plaintiff's FMLA claim. The agreement may be submitted under seal if the parties wish. *See Angulo*, 2024 WL 4042470, at *4 n.4. In requiring submission of the non-FLSA settlement agreement, "'the Court need not and will not separately approve the fairness of the settlement of [Plaintiff's non-FLSA] claims. Rather, the Court must assure itself that [Plaintiff is] settling [his] FLSA claims in a manner that comports with the requirements of *Cheeks*.'" *Id.* at *4 (quoting *Banegas v. Mirador Corp.*, No. 14 Civ. 8491 (AJN), 2016 WL 1451550, at *3 (S.D.N.Y. Apr. 12, 2016)).

In addition, an essential component of *Cheeks* review is evaluating the consideration to be received by the plaintiff in view of the plaintiff's potential recovery at trial. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The parties' letter includes a section devoted to this issue, which states that Plaintiff believes he is owed "unpaid overtime wages of approximately $95,856 under the NYLL six-year statute of limitations period," including "about $44,539 under the FLSA two-year statute of limitations for non-willful violations." (Dkt. No. 24 at 2). It is unclear to the Court whether the $95,856 includes liquidated damages or is the amount of potential unpaid wages without liquidated damages. Along with providing a copy of the non-FLSA settlement, Plaintiff is directed to clarify in a supplemental submission the amount of his total potential damages and how he calculates them, specifying the various components thereof. *See, e.g.*, *Montes v. Cnty. Comfort Home Solutions, Inc.*, No. 23 Civ. 7579 (KMK),

2024 WL 5004676, at *3 (S.D.N.Y. Dec. 6, 2024) (requiring "a more detailed explanation" of "the methodology used to calculate the components of the total best-case recovery").

**SO ORDERED.**

DATED:    New York, New York
             March 14, 2025

_____
GARY STEIN
United States Magistrate Judge