UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VINCENT LOWERY,                                          :
                                                         :     24 Civ. 6607 (GS)
                              Plaintiff,                 :
                                                         :     <u>**ORDER APPROVING**</u>
            - against -                                  :     <u>**SETTLEMENT**</u>
                                                         :
POLICE ATHLETIC LEAGUE, INC.,                            :
                                                         :
                              Defendant.                 :
------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

  By letter dated January 31, 2025, the parties moved for approval of their proposed settlement of Plaintiff's claims under the Fair Labor Standards Act ("FLSA"), pursuant to *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015). (Dkt. No. 24). The parties' letter stated that they have entered into two settlement agreements: (1) a Negotiated Settlement Agreement and Release, attached as Exhibit 1 to the letter, resolving Plaintiff's wage-and-hour claims under the FLSA and the New York Labor Law ("NYLL") (the "FLSA Agreement"); and (2) a separate settlement agreement, not attached to the letter, resolving Plaintiff's claim for wrongful termination under the Family and Medical Leave Act ("FMLA"), 29 U.S.C.§ 2601 *et seq*. (the "Non-FLSA Agreement") (Dkt. No. 24 at 1; *see* Dkt. No. 1 ¶¶ 4, 58-62).

  On March 14, 2025, the Court issued an Order: (1) requiring the parties to submit the Non-FLSA Agreement for review; and (2) requiring Plaintiff's counsel to clarify the amount of Plaintiff's total potential damages and how counsel calculates those damages. (Dkt. No. 25). The parties submitted the Non-FLSA Agreement for

1

the Court's review on March 17, 2025. (Dkt. No. 26 (redacted version); Dkt. No. 27 (unredacted version filed under seal)). Plaintiff's counsel filed a letter on March 28, 2025, providing further information as to Plaintiff's damages calculation. (Dkt. No. 28). The Court has reviewed these additional materials, along with the parties' initial application for approval of their settlement, and now approves the settlement of Plaintiff's FLSA claims as consistent with *Cheeks* for the reasons set forth below.

First, the economic terms of the FLSA Agreement, including the settlement amount, are fair and reasonable. (*See* Dkt. No. 24-1 ¶ 1). According to Plaintiff's counsel, the total amount of Plaintiff's unpaid overtime wages, for the entire roughly four-year period encompassed by Plaintiff's FLSA and NYLL claims, is $95,856. (Dkt. No. 28). However, this amount includes only "about $44,539 under the FLSA two-year statute of limitations for non-willful violations." (Dkt. No. 24 at 2). When doubled by possible liquidated damages, Plaintiff's possible recovery increases to $191,712 on both the FLSA and NYLL claims. Under the FLSA Agreement, Defendant will pay a total of $37,500. (Dkt. No. 24 at 2; Dkt. No. 24-1 ¶ 1). Of that amount, $12,820 will go to Plaintiff's counsel for attorney's fees and costs, leaving Plaintiff with a net recovery of $24,680. (*Id.*).

Thus, Plaintiff will be recovering approximately 26% of his total (FLSA and NYLL) unpaid wages and 13% of his total damages including liquidated damages. These percentages are similar to those in other FLSA settlements that have been approved by the courts. *See, e.g.*, *Ali v. High-Steppers Corp.*, No. 24 Civ. 3938 (GS), 2025 WL 547798, at *1 (S.D.N.Y. Feb. 19, 2025) (approving settlement amount

representing approximately 30% of plaintiff's unpaid wages and 14% of total alleged damages); *Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement representing approximately 39% of plaintiff's unpaid wages and 18% of his total alleged damages and stating that "[c]ourts in this District routinely award settlement amounts within this range"). Considering the totality of the circumstances, including that the settlement amount was reached following "a mediation conducted by an experienced FLSA mediator from this Court's mediation panel" (Dkt. No. 24 at 2) and is part of a broader settlement that includes the Non-FLSA Agreement, as well as the factors set forth in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012), I find the settlement amount to be a fair and reasonable compromise.

Second, I also find the non-economic terms of the FLSA Agreement to be fair and reasonable. Although the release provision in the FLSA Agreement is non-mutual, its scope is narrowly tailored to encompass only wage-and-hour claims. (Dkt. No. 24-1 ¶ 3). Further, the FLSA Agreement contains no confidentiality or non-disparagement clause.

Third, I find counsel's combined fee and costs award of $12,820 to be fair and reasonable. This amount represents a contingency fee of approximately one-third of the overall settlement amount of $37,500, plus $481 in costs, and is in accordance with counsel's retainer agreement with Plaintiff. (Dkt. No. 24 at 3; Dkt. No. 24-2; Dkt. No. 24-3). "[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases." *Vargas v. Pier 59 Studios L.P.*, No. 18 Civ.

10357 (VSB), 2021 WL 6066088, at *2 (S.D.N.Y. Nov. 4, 2021); *see also Lin v. Grand Sichuan 74 St Inc.*, No. 15 Civ. 2950 (RA), 2018 WL 3222519, at *5 (S.D.N.Y. July 2, 2018) (fee of one-third of settlement amount in FLSA case is "an amount routinely approved under the percentage method, particularly where it is pursuant to a previously negotiated retainer agreement").

As it previously said it would do (Dkt No. 25 at 2), the Court has also reviewed the Non-FLSA Agreement to consider whether it bears on the fairness and reasonableness of the FLSA Settlement. Having done so, the Court does not have a concern that the separate Non-FLSA Agreement is being used to extract unfavorable economic or noneconomic terms from Plaintiff in a manner that is contrary to the purposes of the FLSA and the policies underlying *Cheeks*. The Court's review of the Non-FLSA Agreement, therefore, does not alter its conclusion above that the terms of the FLSA Agreement are fair and reasonable.[1]

Accordingly, the FLSA Agreement is hereby **APPROVED** and this action is **DISMISSED** with prejudice. The Clerk of Court is respectfully directed to close this action.

**SO ORDERED.**

DATED:   New York, New York
         May 1, 2025

```
                                        GARY STEIN
                                        United States Magistrate Judge
```

---

[1] To reiterate what the Court previously noted (Dkt. No. 25 at 2), this review was undertaken solely for purposes of determining the fairness and reasonableness of the FLSA Agreement. The Court has not conducted a separate review of the fairness and reasonableness of the Non-FLSA Agreement and offers no opinion in that regard.